IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:20-cr-13(5) |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| GERALD FIELDS, | : | **ORDER DENYING DEFENDANT'S** |
| | : | **AMENDED MOTION FOR REVIEW** |
| Defendant. | : | **OF ORDER OF DETENTION** |

This matter is before the Court on Defendant Gerald Fields's Amended Motion for

Review of Order of Detention (Doc. 46),[1] which the Government opposes. (Doc. 48). For the

reasons set forth below, Defendant's Motion will be **DENIED**.

**I. BACKGROUND**

On February 6, 2020, a grand jury indicted Defendant Gerald Fields along with his Co-

Defendants, Roy Salinas, Mauricio Inocencio, Brian Morgan, and Gilbert Steele. (Doc. 23.)

Fields was charged with conspiracy to possess with intent to distribute cocaine, in violation of 21

U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C) and possession with intent to distribute

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and § 2.  On January 22, 2020,

Defendant was ordered temporarily detained.  (Doc. 10.)

On January 28, 2020, the Magistrate Judge held a detention hearing and ordered

Defendant detained pending trial.  (Doc. 13.)  In her decision, the Magistrate Judge found that

Defendant did not introduce sufficient evidence to rebut the presumption under 18 U.S.C. §

3142(e)(3) that no condition or combination of conditions would reasonably assure the

---

[1] A prior version of the motion was submitted unsigned (Doc. 45), which is mooted by the
amended version (Doc. 46).

appearance of the Defendant as required and the safety of the community. (*Id.* at PageID 60.) The presumption applied because there was probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or the Controlled Substances Import and Export Act. (*Id.*) After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concluded Defendant must be detained pending trial because the Government had proven by clear and convincing evidence that no condition will reasonably assure the safety of any other person and the community. (*Id.*) She cited the following reasons for detention: (1) weight of the evidence against the Defendant is strong; (2) subject to lengthy period of incarceration if convicted; (3) prior criminal history; (4) participation in criminal activity while on probation, parole, or supervision; (5) history of violence or use of weapons; (6) lack of stable employment; (7) prior failure to appear in court as ordered; and (8) prior violations of probation, parole, or supervised release. (*Id.* at PageID 60–61.)

Defendant's request to be released on bond is now ripe for resolution. (Doc. 46.) The Government opposes the request. (Doc. 48.) For the reasons that follow, Defendant's Motion will be **DENIED**.

## II. LAW AND ANALYSIS

Defendant argues that he should be released on bond because the Magistrate Judge incorrectly determined that he would pose a risk of harm to the public and his release would pose a danger to the community. He asserts that being a danger to community and an ordinary flight risk are not permissible bases for detention, and he contends the Government failed to present evidence to support that he would intentionally flee the jurisdiction. Defendant also contends

that a gun found at his residence belonged to his wife and that his high blood pressure establishes that he should be released from prison due to the risk of COVID-19 exposure in jail.

## A. The Court Will Not Reopen Defendant's Detention Hearing

A district court may reopen a detention hearing based on changed circumstances under 18 U.S.C. § 3142(f)(2)(B) where new information: (1) was unknown to the movant at the time of the hearing; and (2) has "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Ayala*, No. 1:20-cr-109, 2020 WL 1922224, at *1 (N.D. Ohio April 20, 2020) (denying motion for compassionate release and request to reopen detention hearing over general COVID-19 fears) (citing *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.* (citing *Watson,* 475 F. App'x at 600). The above-mentioned "new" evidence is neither of these things.

The "new evidence" Defendant raises in his Motion include that his wife owned a gun, which was previously attributed to him. He also asserts that he has high blood pressure, and the COVID-19 pandemic places him at increased risk of infection while incarcerated.[2] As to the gun, weapon possession violates the terms of his supervised release as Defendant had access to a weapon in his home regardless of ownership. Defendant now seeks to return to this home if released, but the Court has little confidence, regardless of the weapon's owner, that the home would be appropriate.

---

[2] The Government requests a hearing on the matter of the Defendant's wife possessing a firearm while he was on supervised release.

3

As to his COVID-19 concerns, the global COVID-19 pandemic is a changed circumstance since the Defendant's detention hearing, and the Court is aware of the general risks it presents to certain populations, including those in jails and prisons. *Id.* However, "courts throughout the country have held that these risks, without more, do not amount to a material change of circumstances warranting a renewed evaluation of [a] prior detention order." *Id.* (internal citations removed) (citing *United States v. Tawfik*, No. 17-cr-20183-2, 2020 WL 1672655, at *2 (E.D. Mich. April 6, 2020)).

Although Defendant is concerned about contracting COVID-19 while he is incarcerated, he has not addressed how the COVID-19 pandemic may have a material bearing on his appearance at trial and the safety of others in the community. Given Defendant's criminal history, including his additional charges and supervised release violations, the risk of nonappearance and safety to others remain, regardless of the pandemic. Moreover, Defendant has not shown he has been exposed to the virus or that he is at high risk of contracting it due to a serious medical condition. In short, because the "new information" does not assure Defendant's appearance at trial or safety of others in the community, the Court will not reopen the detention hearing.

### B. Defendant Has Shown No Compelling Reason for His Temporary Release

"A defendant must be detained pretrial if, after conducting a hearing, the district court determines 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Scarborough*, __ F. App'x. __, 2020 WL 4558271, at *1 (6th Cir. Aug. 5, 2020) (citing 18 U.S.C. § 3142(e)(1)). The district court "may . . . permit the temporary release of [a defendant], in the custody of a United States marshal or other appropriate person, to the extent that the

[district court] determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* (citing 18 U.S.C. § 3142(i)). "The defendant has the burden of establishing circumstances warranting temporary release pursuant to § 3142(i)." *Id.* (citing *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (citations omitted)).

"Prior to the COVID-19 pandemic, courts granted relief under this provision only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" *United States v. McGowan*, No. 20-1617, 2020 WL 3867515, at *2 (6th Cir. July 8, 2020) (citing *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D. N.Y. Mar. 20, 2020)). Although mindful of the unprecedented magnitude of the COVID-19 pandemic and serious health risks it presents, a defendant is not entitled to temporary release based solely on generalized COVID-19 fears. *United States v. Smoot,* No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020) (finding defendant failed to meet his burden to demonstrate a compelling reason for release due to the COVID-19 pandemic). As such, the Sixth Circuit has cited with approval the following four factors to consider in determining whether a defendant's individual circumstances support his temporary release under § 3142(i) in consideration of the COVID-19 pandemic: (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *McGowan,* 2020 WL 3867515, at *2 (citing *United States v. Clark*, No. 19-40068-01, ____ F. Supp. 3d ____, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)). The factors need not be weighed equally but should be considered together to help guide the Court's

5

determination as to whether a "compelling reason" exists to justify temporary release of a defendant. *Id.*

Initially, the Defendant misconstrues the burden of proof. Contrary to his arguments, "[s]ubject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of any other person and the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq." *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). The presumption shifts the burden of production to the Defendant to show that his release would not pose a flight risk or danger to any person and the community, while the government retains the burden of persuasion. *Id.* at 77–78.

Defendant has not established a compelling reason that he should be released on bond so as to overcome that presumption. As the Government argues, Defendant's Pretrial Services Report concluded that Defendant was a risk of flight due to being unemployed, having a capias history, and having pending state court charges for trafficking in drugs, possession of drugs, receiving stolen property, and having weapons under disability. Defendant's criminal history in the Presentence Report also states that he has seven failures to appear, evincing a significant risk of non-appearance in this case. The Pretrial Services Officer also noted the Defendant was a danger to the community based on the nature of the instant offense, Defendant's criminal history, including weapons, drug-related convictions, and crimes of violence, and the fact the instant alleged offense occurred while Defendant was on federal supervised release.

Furthermore, considering the *Clark* factors as to Defendant's COVID-19 concerns, release is inappropriate. As to the first factor, the original grounds for the Defendant's detention

6

included: (1) weight of the evidence against the defendant is strong; (2) subject to lengthy period of incarceration if convicted; (3) prior criminal history; (4) participation in criminal activity while on probation, parole, or supervision; (5) history of violence or use of weapons; (6) lack of stable employment; (7) prior failure to appear in court as ordered; and (8) prior violations of probation, parole, or supervised release. (Doc. 13 at PageID 60–61.) The Court has significant concern that, if released, Defendant would continue to engage in the same types of unlawful and potentially dangerous conduct alleged in this case. Further, the Court has little confidence that he would appear in future court proceedings given his seven failures to appear and pending state court charges.

Second, the specificity of Defendant's COVID-19 concerns is vague, as he only mentions that he has high blood pressure, receives medication, and is housed in close quarters at the jail. Defendant has not presented evidence of a serious medical condition that puts him at high risk of serious illness were he to contract COVID-19, and the Government contends that the jail is equipped to manage the COVID-19 pandemic. Although some Courts have released detainees where there is evidence of a serious medical condition, here, there is no evidence Defendant has any medical conditions that put him at a greater risk of illness from COVID-19. *Compare United States v. Koller*, Case No. 1:19-cr-71(23) (S.D. Ohio April 23, 2020) (temporarily releasing pretrial detainee to house arrest after he supplied medical evidence that he suffered emphysema and high blood pressure even though he was charged with conspiracy and distribution of a controlled substance) *and United States v. Collins*, Case No. 1:19-cr-120 (S.D. Ohio March 13, 2020) (temporarily releasing wheelchair-bound pretrial detainee with diabetes, high blood pressure, and heart disease even though he is charged with distributing cocaine and fentanyl resulting in death) *with United States v. Jones*, No. 4:19-CR-204, 2020 WL 3512911, at

7

\*2 (N.D. Ohio June 29, 2020) (denying compassionate release where defendant presented only generalized fear of contracting COVID-19).

Third, Defendant's proposed release plan is to return home with his wife. Yet, she is the same person who allegedly possessed a weapon, according to Defendant's motion. Regardless of who possessed the weapon, Defendant or his wife, the Court does not find this to be a suitable place to await trial. The Court has serious concerns about Defendant's access to weapons and compliance with a release plan. Thus, the Court has little confidence that home confinement would ameliorate Defendant's risk to the community.

Finally, the likelihood that Defendant's proposed release would increase COVID-19 risks to others does not weigh in favor of release. Defendant's proposed release plan provides insufficient details about where he would be living and how living there would mitigate his risk of contracting and/or spreading COVID-19.

The Magistrate Judge ordered the Defendant detained due to many factors, including his risk of flight and being a danger to the community. Those factors still weigh in favor of his continued detention. As such, Defendant's Motion is appropriately **DENIED.**

## III.    CONCLUSION

For the reasons discussed, Defendant's Amended Motion for Review of Order of Detention (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

Judge Susan J. Dlott
United States District Court

8